IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITI FIBER LLC,                          )
                                          )
            Plaintiff,                    )
                                          )
    v.                                    )     CASE NO. 2:22-CV-327-WKW
                                          )              [WO]
QUINCY MINOR, as an individual            )
and as owner and officer of KAM           )
Technologies, LLC; KAM                    )
TECHNOLOGIES, LLC, an                     )
Alabama limited liability company,        )
                                          )
            Defendants.                   )

## <u>ORDER</u>

Plaintiff Uniti Fiber LLC ("Uniti") alleges that Defendants engaged in a "two-year scheme to steal Uniti's business opportunities, clients, revenues, and personnel in derogation of statutory and common-law duties" and "flout[ed] explicit contract terms prohibiting competition, solicitation, and misappropriation of company property." (Doc. # 5-1.)  The Complaint contains eight state-law claims and two claims alleging violations of federal criminal statutes, namely, 18 U.S.C. § 1832 (Defense of Trade Secrets Act) and 18 U.S.C. § 1030 (Computer Fraud and Abuse Act).

Five days after the commencement of this action in the Circuit Court of Autauga County, Alabama, the court granted Plaintiff's motion for a temporary

restraining order.  (Doc. # 5-2, at 71–72.)  The same date, Defendants removed this action based solely on diversity jurisdiction.  *See* 28 U.S.C. §§ 1332, 1441(a); (Doc. # 5.)

Plaintiff countered with a motion to remand (Doc. # 3), arguing that because Defendants are citizens of Alabama, the statutory prohibition on a forum defendant's removal of a diversity suit necessitated remand.  *See* § 1441(b)(2) (providing that an action removable based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [forum] State"); *see also Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1328 (11th Cir. 2010) ("A case cannot be removed on the basis of diversity jurisdiction if a defendant is 'a citizen of the State in which such action is brought.'" (quoting § 1441(b)). Alternatively, Plaintiff argued that Defendants had failed to establish that Plaintiff's LLC citizenship was diverse from Defendants' Alabama citizenship.  (Doc. # 3, at 7.)   The same date, Plaintiff filed an Amended Complaint as of right.  The Amended Complaint omitted the two claims alleging violations of federal criminal statutes.  (*See* Doc. # 4 ("The sole purpose of this amendment is to disavow and remove from the pleading any federal law basis to the claims presented.").)

Defendants then amended their removal petition to predicate removal of the original Complaint on federal-question jurisdiction, *see* 28 U.S.C. §§ 1331, 1441(a), citing the two claims alleging violations of federal criminal statutes, and on

supplemental jurisdiction as to the state-law claims.  (Doc. # 10, at 3.)  In the amended removal petition, Defendants disavowed removal based on diversity jurisdiction over the state-law claims.

After careful consideration, the court finds that remand is appropriate, but for different reasons than those argued by Plaintiff.  The court finds that subject matter jurisdiction existed at the time of removal based upon the federal-law claims in the original Complaint; however, now that Plaintiff has dropped the federal-law claims, the court in its discretion will decline to exercise supplemental jurisdiction over the remaining state-law claims and will remand the state-law claims back to the Circuit Court of Autauga County.

"The existence of federal jurisdiction is tested as of the time of removal" by examining "the face of the plaintiffs' well-pleaded complaint."  *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (discussing the well-pleaded complaint rule).  Here, at the time of removal, under the well-pleaded complaint rule, the Complaint presented a federal question based on at least one and perhaps both the federal-law claims.  *See AAA Staffing, Ltd. v. Bomer*, No. 1:21-CV-01831-SDG, 2022 WL 903190, at *3 (N.D. Ga. Mar. 28, 2022) (finding that the court had federal question jurisdiction over the plaintiffs' claims brought under 18 U.S.C. § 1832 and 18 U.S.C. § 1030); *but see Steves & Sons, Inc. v. JELD-WEN, Inc.*, 271 F. Supp. 3d

835, 842 (E.D. Va. 2017) ("Nowhere in Section 1832(a) does the statutory text mention a private right of action to redress violations of its prohibitory terms.  Nor does the remedial section of Section 1832(a) permit the inference that a private civil action is to be implied in Section 1832(a)." (citing 18 U.S.C. § 1832(a)).

Plaintiff's post-removal amendment to the original Complaint that excised the basis for federal-question jurisdiction did not affect whether this case was removable.  "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (citations omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) (providing that amendments after removal do not defeat federal jurisdiction).  Accordingly, Plaintiff's amendment as of right to drop the federal-law claims does not divest this court of subject matter jurisdiction.

Because the remaining state-law claims "are so related to" the federal-law claims, supplemental jurisdiction over the state-law claims exists.  28 U.S.C. § 1367(a).  In other words, Plaintiff's amendment to the Complaint to drop all federal-law claims does not divest the court of supplemental jurisdiction in this removed action; however, the exercise of supplemental jurisdiction is not mandatory.  The court may decline under § 1367(c)(3) to exercise supplemental

jurisdiction over the remaining state-law claims and remand the case to state court. *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction . . . ." (citation omitted)). The court may decline to continue its exercise of supplemental jurisdiction because "no basis for federal jurisdiction *presently* exists." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1123 (11th Cir. 2005) (emphasis added). "In making this decision, the court 'should take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Id.* (quoting *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)).

Comity weighs heavily in favor of remand because resolution of the remaining claims requires the application and interpretation of Alabama law. "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).

Remand also does not undermine the interest of judicial economy. The case was removed at its inception after the state court's entry of a temporary restraining order. Very little litigation has occurred. The Eleventh Circuit has recognized that "[w]hen federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (citation and quotation marks omitted).

5

"When coupled with [its] discretion to exercise supplemental jurisdiction under § 1367(c)," the court finds that, on balance, Plaintiff's remaining state-law claims "are best resolved" in Alabama's courts. *Id.* Supplemental jurisdiction over the state-law claims will be declined pursuant to § 1367(c)(3), and this action will be remanded to state court.

Accordingly, it is ORDERED that this action is REMANDED to the Circuit Court of Autauga County, Alabama, pursuant to § 1367(c)(3), because the court declines in its discretion to exercise supplemental jurisdiction over the state-law claims. It is further ORDERED that Plaintiff's motion to remand (Doc. # 3) is DENIED as moot.

DONE this 13th day of June, 2022.

_____
/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE